<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| RONALD BURTON, | : | Civil No. 08-0968 (SDW) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| HUDSON COUNTY CORREC. CENTER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**APPEARANCES**:

    RONALD BURTON, #200572, <u>Pro Se</u>
    Hudson County Correctional Center
    C-500 West
    35 Hackensack Avenue
    Kearny, New Jersey 07032

**<u>WIGENTON, District Judge</u>**

    Plaintiff Ronald Burton, who is confined at Hudson County Correctional Center, seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this Court will grant <u>in forma pauperis</u> status to Plaintiff. As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

## I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights by the Hudson County Correctional Center.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).

> I was lock[ed] in jail house room that holds 2 inmate[s].  But the jail put me and 3 more inmate[s] in that 2 man room.  4 people in a 2 man room.  It happen[ed] on 11]14]07 to 11/26/07.  I was denied clean sheet.  I was told they change[ed] sheets 1 a month.

(Compl. ¶ 4.)

Plaintiff seeks the following relief for violation of his constitutional rights: "I would like the court to have Hudson County Correction Center pay me money in the amount of $50,000 for violating my []right on living condi[t]ion in a correctional center and on clean linen changing." (Id. ¶ 5.)

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."   Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
> *                          *                          *
>
> The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come.  Therefore, we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context.  Reading Twombly

to impose a "plausibility" requirement outside the § 1 context,
however, leaves us with the question of what it might mean.
"Plausibility" is related to the requirement of a Rule 8 "showing."
In its general discussion, the Supreme Court explained that the
concept of a "showing" requires only notice of a claim and its
grounds, and distinguished such a showing from "a pleader's bare
averment that he wants relief and is entitled to it."  Twombly, 127
S. Ct. at 1965 n.3.  While Rule 12(b)(6) does not permit dismissal
of a well-pleaded complaint simply because "it strikes a savvy
judge that actual proof of those facts is improbable," the "[f]actual
allegations must be enough to raise a right to relief above the
speculative level."  Id. at 1965.

   The Supreme Court's Twombly formulation of the pleading
standard can be summed up thus: stating . . . a claim requires a
complaint with enough factual matter (taken as true) to suggest the
required element.  This does not impose a probability requirement
at the pleading state, but instead simply calls for enough facts to
raise a reasonable expectation that discovery will reveal evidence
of the necessary element . . . .

The complaint at issue in this case clearly satisfies this pleading
standard, making a sufficient showing of enough factual matter
(taken as true) to suggest the required elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal

quotation marks omitted).

        The Court is mindful that the sufficiency of this pro se pleading must be construed

liberally in favor of the plaintiff, even after Twombly.  See Erickson v. Pardus, 127 S. Ct. 2197,

2200 (2007).  A pro se prisoner plaintiff needs to allege only enough factual matter (taken as

true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need

not, however, credit a pro se plaintiff's "legal conclusions."  Morse v. Lower Merion School

Dist., 132 F. 3d 902, 906 (3d Cir. 1997)  Moreover, a court should not dismiss a complaint with

prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith,

4

undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

## III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A. Unconstitutional Punishment

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial

detainee prior to an adjudication of guilt in accordance with due process of law.  See Bell v.

Wolfish, 441 U.S. 520, 535 1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005). [1]

> [I]f a particular condition or restriction of pretrial detention is
> reasonably related to a legitimate governmental objective, it does
> not, without more, amount to "punishment."  Conversely, if a
> restriction or condition is not reasonably related to a legitimate
> goal - if it is arbitrary or purposeless - a court permissibly may
> infer that the purpose of the governmental action is punishment
> that may not constitutionally be inflicted upon detainees qua
> detainees.

Wolf, 441 U.S. at 539 (footnote and citation omitted).

The Supreme Court noted that the maintenance of security, internal order, and discipline

are essential goals which at times require "limitation or retraction of . . . retained constitutional

rights."  Id. at 546.  "Restraints that are reasonably related to the institution's interest in

maintaining jail security do not, without more, constitute unconstitutional punishment, even if

they are discomforting and are restrictions that the detainee would not have experienced had he

been released while awaiting trial."  Bell, 441 U.S. at 540.  "In assessing whether the conditions

are reasonably related to the assigned purposes, [a court] must further inquire as to whether these

conditions cause [inmates] to endure [such] genuine privations and hardship over an extended

---

[1] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."  Bell v. Wolfish, 441 U.S. 520, 537, n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72, n.40 (1977)); see also  City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

period of time, that the adverse conditions become excessive in relation to the purposes assigned

to them." Hubbard v. Taylor, 399 F.3d 150, 159 (3d Cir. 2005) (quoting Union County Jail

Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)).

    The Court of Appeals summarized the holding of Bell as follows:

> [A] particular measure amounts to punishment when there is a
> showing of express intent to punish on the part of detention facility
> officials, when the restriction or condition is not rationally related
> to a legitimate non-punitive government purpose, or when the
> restriction is excessive in light of that purpose.

Stevenson v. Carroll, 495 F. 3d 62, 68 (3d Cir. 2007) (citation and internal quotation marks

omitted).

    The Court of Appeals further explained that the Fourteenth Amendment standard of

unconstitutional punishment, like the Eighth Amendment, includes an objective and a subjective

component:

> Unconstitutional punishment typically includes both objective and
> subjective components.  As the Supreme Court explained in
> Wilson v. Seiter, 501 U.S. 294 . . . (1991), the objective component
> requires an inquiry into whether "the deprivation [was] sufficiently
> serious" and the subjective component asks whether "the officials
> act[ed] with a sufficiently culpable state of mind[.]" Id. at 298 . . . .
> The Supreme Court did not abandon this bipartite analysis in Bell,
> but rather allowed for an inference of mens rea where the
> restriction is arbitrary or purposeless, or where the restriction is
> excessive, even if it would accomplish a legitimate governmental
> objective.

Stevenson, 495 F. 3d at 68.

    In this case, Plaintiff complains that the conditions of confinement he endured for 12 days

violated his constitutional rights because four persons were confined in a cell designed for two,

and because he was not given clean sheets.  In Bell, the Supreme Court rejected the inmates'

claim that "double-bunking" violated the due process rights of pretrial detainees.  "We simply do not believe that requiring a detainee to share toilet facilities and this admittedly rather small sleeping space with another person for generally a maximum period of 60 days violates the Constitution."  Bell, 441 U.S. at 543.  Without more, Plaintiff's confinement for 12 days with three other inmates in a cell designed for two (without clean sheets) does not violate due process under Bell.  This Court will accordingly dismiss the Complaint for failure to state a claim upon which relief may be granted.  The dismissal is without prejudice to the filing of an amended complaint within 30 days if Plaintiff believes that he can allege additional facts showing that the conditions he endured inflicted punishment under Bell.[2]

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint within 30 days.

/s/ SUSAN D. WIGENTON,
United States District Judge

Dated: JUNE 25, 2008

---

[2] Plaintiff is cautioned that a jail such as Hudson County Correctional Center is not a "person" subject to suit under 42 U.S.C. § 1983 pursuant to Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 688-90 (1978).  See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).  If Plaintiff files an amended complaint, he should name as defendant(s) the person(s) who caused the constitutional wrongdoing, as "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).